## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR : | |
| INDUSTRY PENSION, HEALTH BENEFIT, : | |
| EDUCATIONAL, ELEVATOR INDUSTRY : | |
| WORK PRESERVATION FUNDS, ELEVATOR : | |
| CONSTRUCTORS ANNUITY AND : | |
| 401(K) RETIREMENT PLAN : | |
| 19 Campus Boulevard, Suite 200 : | |
| Newtown Square, PA 19073-3228, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | |
| INNOVATIVE HOME ELEVATORS LLC : | |
| dba INNOVATIVE ELEVATOR SPECIALISTS : | |
| LLC : | |
| 6317 Naylors Reserve Court : | |
| Hughesville, MD 20637, : | |
| ROXANNE GRANBERRY : | |
| 6317 Naylors Reserve Court : | |
| Hughesville, MD 20637, : | |
| and : | |
| STEPHEN LANHAM : | |
| 1491 Cedarhurst Rd. : | |
| Shady Side, MD 20764, : | |
| Defendants. : | |

## COMPLAINT

## Jurisdiction

1.     This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of

the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C.

§§1104,1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act

("LMRA"), 29 U.S.C. §185(a).  This is an action to enforce an employer's contractual obligation to

submit benefit payments pursuant to a Collective Bargaining Agreement, a breach of fiduciary duty,

to collect the outstanding contributions from officers and owner individually, to collect the

contributions and interest found due in payroll audit, and to collect estimated contributions due.

## Parties

2.      The Plaintiffs are the Boards of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds ("NEI Trust Funds").  The NEI Trust Funds are multi-employer employee benefit plans as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and (37).  The NEI Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust and are provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendant.  The NEI Trust Funds are administered by the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

3.      Upon information and belief, Defendant, Innovative Home Elevators LLC dba Innovative Elevator Specialists LLC ("Innovative Home Elevators"), is a limited liability company at all times relevant and was established under the laws of Maryland with offices located at 6317 Naylors Reserve Court, Hughesville, MD 20637.  Upon information and belief, Defendant transacted business in Maryland as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2) .

4.      Upon information and belief, Defendant, Roxanne Granberry ("Granberry"), is an owner, officer, and operator of Innovative Home Elevators, with an address located at 6317

Naylors Reserve Court, Hughesville, MD 20637.  Upon information and belief, Granberry exercises control and discretion over the payroll of Innovative Home Elevators, including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by Innovative Home Elevators' employees.  As such, Granberry is a fiduciary to the NEI Trust Funds, as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

5.      Upon information and belief, Defendant, Stephen Lanham ("Lanham"), is an owner, officer, and operator of Innovative Home Elevators, with an address located at 1491 Cedarhurst Rd., Shady Side, MD 20764.  Upon information and belief, Lanham exercises control and discretion over the payroll of Innovative Home Elevators, including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by Innovative Home Elevators' employees.  As such, Lanham is a fiduciary to the NEI Trust Funds, as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

## COUNT I

6.      Innovative Home Elevators LLC, by Stephen Lanham, entered into a Collective Bargaining Agreement with the International Union of Elevator Constructors on March 1, 2015 establishing the terms and conditions of employment for the elevator constructors, mechanics and helpers employed by Innovative Home Elevators.

7.      Pursuant to its Collective Bargaining Agreement, Innovative Home Elevators agreed to pay to the NEI Funds certain sums of money for each hour worked by all employees of Defendant covered by the Collective Bargaining Agreement.

8.      Upon information and belief, Innovative Home Elevators employed certain

employees covered by the Collective Bargaining Agreement during the months of March 2015 through October 2017.

9.      Innovative Home Elevators is bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Employers and IUEC Local Unions Participating in the National Elevator Industry Health Benefit Plan, Pension Plan, Educational Program, Elevator Constructors Annuity and 401(k) Retirement Plan and Elevator Industry Work Preservation Fund (hereafter "Guidelines").   The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies. Paragraph 7 of the Collective Bargaining Agreement states:

> The Employer hereby adopts and agrees to be bound by the written terms of the National Elevator Industry Health Benefit Plan and Declaration of Trust, the National Elevator Industry Pension Plan and Declaration of Trust, the National Elevator Industry 401(k) Annuity Retirement Plan and Declaration of Trust, and the National Elevator Industry Educational Program and Declaration of Trust, and any amendments thereto, specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds.

10.     The NEI Funds Trust Documents provide the reporting requirements for signatory employers.  Article VI, Paragraph 4 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension, Health Benefit and Educational Funds provides as follows:

> All contributions shall be made effective as of the 15th day of each month for the preceding month and shall continue to be paid as long as the Employer is so obligated pursuant to the Standard Agreement or other collective bargaining agreement or participation agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as herein provided.

11.     The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

> The Trustees may take all actions necessary to collect any amounts due the Trust Fund.  If the Trustees filed suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed.  In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions.  The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

12.     Pursuant to Article VI, Paragraph 7 of the Amended Trust Agreements, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

> In the event an Employer is two (2) or more months delinquent in remitting to the Fund the required contributions for its Employee(s) and has not remitted the required accounting of Employer contributions showing the Employee(s) who worked for the Employer and the hours worked, the Trustees are hereby empowered to project the amount of damages as the amount of the delinquency that is the greater of:  (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which such payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.  Such monthly average may be used as a determination of payments due for each delinquent month, and may be used for purposes of any lawsuit, and no other proof need be furnished by the Fund to any court, arbitrator or referee to compute the total payments due from the Employer for all delinquent months.  The Trustees shall seek interest, liquidated damages, costs and attorneys' fees on any

5

estimated amounts.  This provision does not, however, limit the Trustees from seeking a greater amount than the projected delinquency if a greater amount is shown to be owed by records or other evidence.

13.     The projected delinquency for Innovative Home Elevators for the unreported months of August 2016 through October 2017 is $69,543.09.

14.     The NEI Funds Trust Documents provide that any participating employer may be audited.   Article VI, Paragraph 8 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension Fund provides as follows:

Par. 8. Audit.  The Trustees may, by their designated, independent Certified Public Accountant, audit the payroll records (including payroll tax returns and all supporting records) of any Employer at the Employer's place of business.  The audit shall be conducted at any reasonable time during the business hours of the Employer.  In the event that the audit discloses that the Employer has underpaid his contributions due in an amount that is equal to or exceeds five (5%) percent of the contributions due during the audit period, then all costs associated with the audit shall be assessed against the Employer.  If there is less than a five (5%) percent discrepancy, then the Fund shall pay the cost of the audit.  Notwithstanding the foregoing, in any case where the Trustees have claimed in a lawsuit any amount due as disclosed by the audit, then the Employer shall be liable for all costs associated with the audit.  This right to audit shall include the right to examine all such other books and records of the Employer as the Trustees' independent Certified Public Accountant shall deem necessary.

15.     The Trustees' auditor, Daniel A. Winters & Co., audited Innovative Home Elevators for the period of March 1, 2015 through July 31, 2016.  The audit found that Innovative Home Elevators owed $2,444.76.  Additional interest has and will continue to accrue on this outstanding audit amount.  Innovative Home Elevators also owes the audit fees associated with the audit.  This amount remains outstanding.

16.     The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on

time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs.  Innovative Home Elevators is bound to the Agreements and Declarations of Trust.

17.     Pursuant to this provision, Innovative Home Elevators is obligated to the NEI Trust Funds in the amount of $14,382.92 in liquidated damages assessed on the delinquent audit contributions for the period of March 1, 2015 through July 31, 2016, the estimated contributions for August 2016 through October 2017, interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees, audit fees and costs.

WHEREFORE, in Count I, the NEI Trust Funds pray judgment as follows:

A.      For $2,444.76 for contributions and interest found due in an audit for the period of March 1, 2015 through July 31, 2016, plus audit fees and additional accrued interest; and

B.      For $69,543.09 in estimated contributions for the months of August 2016 through October 2017; and

C.      For liquidated damages in the amount of $14,382.92; and

D.      For attorney's fees and costs expended in bringing this lawsuit; and

E.      For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

F.      For all contributions and liquidated damages which become due or owing

subsequent to the filing of this action, or which have yet to be reported, or which have yet to be determined due, through the date of judgment, plus costs, interest and reasonable attorney's fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

G.     For such further relief as the Court may deem appropriate.

## COUNT II

18.     The NEI Trust Funds hereby adopt, incorporate and restate in Count II paragraphs 1 through 17 of Count I.

19.     This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.  This is an action to collect delinquent contributions from an individual owner and officer, Roxanne Granberry, acting in the capacity of a fiduciary controlling the NEI Plan's plan assets.

20.     Upon information and belief, the Defendant, Roxanne Granberry, determined the total amount of the employer's (Innovative Home Elevators, the company for which she is an owner and officer) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiff's Funds on behalf of her employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes.  Thus, Defendant Roxanne Granberry exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

21.     Upon information and belief, as owner and officer of Innovative Home Elevators, Defendant Roxanne Granberry, voluntarily entered the collective bargaining agreement with the

International Union of Elevator Constructors.  As such, Defendant Roxanne Granberry obligated Innovative Home Elevators to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  Defendant Roxanne Granberry failed to have Innovative Home Elevators forward the correct contributions to the Plaintiffs for the period of the audit, March 1, 2015 through July 31, 2016, as well as the months of August 2016 through October 2017.

22.     Upon information and belief, as owner and officer of Innovative Home Elevators, Defendant, Roxanne Granberry, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors.  As such, Defendant Roxanne Granberry obligated Innovative Home Elevators to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  The Plaintiffs audited Innovative Home Elevators for the period of March 1, 2015 through July 31, 2016.  The audit found that Innovative Home Elevators owed $2,444.76. Additional interest has and will continue to accrue on these outstanding audit amounts. Defendant Roxanne Granberry failed to have Innovative Home Elevators forward all the contributions and interest found due in the audit for the period of March 1, 2015 through July 31, 2016.  Defendant Roxanne Granberry failed to have Innovative Home Elevators forward all the contributions and interest for the unreported and unpaid months of August 2016 through October 2017.

23.     Innovative Home Elevators signed the collective bargaining agreement with the International Union of Elevator Constructors on March 1, 2015.  (See attached).  Paragraph 7 of this collective bargaining agreement provides the following: "Title to all the monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

24.     Upon information and belief, Defendant Roxanne Granberry deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those correct amounts to the Plaintiffs' Funds.  Upon information and belief, those amounts were deposited into Innovative Home Elevators' general accounts and used for purposes other than payment of the employees' benefit contributions.

25.     Upon information and belief, Defendant Roxanne Granberry knew that Innovative Home Elevators entered into the collective bargaining agreement and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs.  Defendant Roxanne Granberry knew that Innovative Home Elevators periodically turned these amounts over to the Plaintiffs' Funds.

26.     The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a).

27.     Upon information and belief, Defendant, Roxanne Granberry, is a fiduciary to the

Plaintiffs' Funds based on the fact that she commingled plan assets with Innovative Home Elevators LLC's general assets and used those funds to pay other creditors.  Defendant exercised authority or control respecting disposition of plan assets.  Thus, Defendant Roxanne Granberry is a fiduciary under ERISA §3(21)(A) by the fact that she "exercised authority or control respecting disposition of plan assets."  29 U.S.C.A. §1002(21)(A).

28.     Defendant failed to remit contributions to the Plaintiffs on behalf of her employees.

WHEREFORE, in Count II, the NEI Trust Funds pray judgment as follows:

Defendant, Roxanne Granberry, is jointly and severally liable for the following:

A.     For $2,444.76 for contributions and interest found due in an audit for the period of March 1, 2015 through July 31, 2016, plus audit fees and additional accrued interest; and

B.     For $69,543.09 in estimated contributions for the months of August 2016 through October 2017; and

C.     For liquidated damages in the amount of $14,382.92; and

D.     For attorney's fees and costs expended in bringing this lawsuit; and

E.     For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

F.     For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, or which have yet to be determined due, through the date of judgment, plus costs, interest and reasonable attorney's fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust

Agreements and Guidelines; and

G.      For such further relief as the Court may deem appropriate.

## COUNT III

29.      The NEI Trust Funds hereby adopt, incorporate and restate in Count III paragraphs 1 through 28 of Counts I and II.

30.      This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.   This is an action to collect delinquent contributions from an individual owner and officer, Stephen Lanham, acting in the capacity of a fiduciary controlling the NEI Plan's plan assets.

31.      Upon information and belief, the Defendant, Stephen Lanham, determined the total amount of the employer's (Innovative Home Elevators, the company for which he is an owner and officer) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiff's Funds on behalf of his employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes.   Thus, Defendant Stephen Lanham exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

32.      Upon information and belief, as owner and officer of Innovative Home Elevators, Defendant Stephen Lanham, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors.   As such, Defendant Stephen Lanham obligated Innovative Home Elevators to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the

employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  Defendant Stephen Lanham failed to have Innovative Home Elevators forward the correct contributions to the Plaintiffs for the period of the audit, March 1, 2015 through July 31, 2016, as well as the months of August 2016 through October 2017.

33.    Upon information and belief, as owner and officer of Innovative Home Elevators, Defendant, Stephen Lanham, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors.  As such, Defendant Stephen Lanham obligated Innovative Home Elevators to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  The Plaintiffs audited Innovative Home Elevators for the period of March 1, 2015 through July 31, 2016.  The audit found that Innovative Home Elevators owed $2,444.76. Additional interest has and will continue to accrue on these outstanding audit amounts. Defendant Stephen Lanham failed to have Innovative Home Elevators forward all the contributions and interest found due in the audit for the period of March 1, 2015 through July 31, 2016.  Defendant Stephen Lanham failed to have Innovative Home Elevators forward all the contributions and interest for the unreported and unpaid months of August 2016 through October 2017.

34.    Innovative Home Elevators signed the collective bargaining agreement with the International Union of Elevator Constructors on March 1, 2015.  (See attached).  Paragraph 7 of this collective bargaining agreement provides the following: "Title to all the monies paid into and/or

due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

35.     Upon information and belief, Defendant Stephen Lanham deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those correct amounts to the Plaintiffs' Funds.  Upon information and belief, those amounts were deposited into Innovative Home Elevators' general accounts and used for purposes other than payment of the employees' benefit contributions.

36.     Upon information and belief, Defendant Stephen Lanham knew that Innovative Home Elevators entered into the collective bargaining agreement and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs.  Defendant Stephen Lanham knew that Innovative Home Elevators periodically turned these amounts over to the Plaintiffs' Funds.

37.     The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a).

38.     Upon information and belief, Defendant, Stephen Lanham, is a fiduciary to the Plaintiffs' Funds based on the fact that he commingled plan assets with Innovative Home Elevators LLC's general assets and used those funds to pay other creditors.  Defendant exercised authority or control respecting disposition of plan assets.  Thus, Defendant Stephen Lanham is a fiduciary under

ERISA §3(21)(A) by the fact that he "exercised authority or control respecting disposition of plan assets." 29 U.S.C.A. §1002(21)(A).

39.     Defendant failed to remit contributions to the Plaintiffs on behalf of his employees.

WHEREFORE, in Count III, the NEI Trust Funds pray judgment as follows:

Defendant, Stephen Lanham, is jointly and severally liable for the following:

A.      For $2,444.76 for contributions and interest found due in an audit for the period of March 1, 2015 through July 31, 2016, plus audit fees and additional accrued interest; and

B.      For $69,543.09 in estimated contributions for the months of August 2016 through October 2017; and

C.      For liquidated damages in the amount of $14,382.92; and

D.      For attorney's fees and costs expended in bringing this lawsuit; and

E.      For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

F.      For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, or which have yet to be determined due, through the date of judgment, plus costs, interest and reasonable attorney's fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

G.      For such further relief as the Court may deem appropriate.

## COUNT IV

40.    The NEI Trust Funds hereby adopt, incorporate and restate in Count IV paragraphs 1 through 39 of Counts I, II and III.

41.    This Court has jurisdiction of this action under sections 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1132 and 1145.  This is an action to enjoin violations of the terms of an employee benefit plan.

42.    Innovative Home Elevators, pursuant to the Trust Agreements, agreed to make timely contributions to the NEI Trust Funds in the amounts and on the dates required by its Collective Bargaining Agreement with the International Union of Elevator Constructors in order to maintain the benefits provided through the Funds.

43.    Innovative Home Elevators has repeatedly failed to submit timely and correct reports or contributions to the Fund in violation of the requirements of the aforementioned Agreements and Declarations of Trust.

WHEREFORE, in Count IV, the NEI Trust Funds pray judgment as follows:

A.    For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans requiring Innovative Home Elevators to submit timely contributions and report to the NEI Trust Funds.

B.    For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: December 22, 2017

**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

By:     s/ Robert P. Curley
           Robert P. Curley
           Attorney I.D. No. 55760

By:     s/ David D. Capuano
           David D. Capuano
           Attorney I.D. No. 70238
           Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 22nd day of December 2017 on the following:

Secretary of the Treasury
15th. and Pennsylvania Ave., N.W.
Washington, DC  20220
ATTN: Employee Plans
        Internal Revenue Service

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTN: Assistant Solicitor
        for Plan Benefits Security

s/ David D. Capuano
David D. Capuano